Hua Chun ZHUNG, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** Respondent.

No. 04–3180–AG.

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

**424**

Jan Potemkin, New York, New York, for Petitioner.

David L. Huber, U.S. Atty., Monica Wheatley, Asst. U.S. Atty., Louisville, Kentucky, for Respondent.

PRESENT: NEWMAN, JACOBS, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Hua Chun Zhung petitions for review of the May 2004 order of the BIA affirming the decision of the immigration judge ("IJ") to deny his applications for asylum and withholding of removal. Familiarity with the facts and the procedural history of the case is presumed.

Zhung contends the BIA incorrectly affirmed the denial of his claims for asylum and withholding of removal and relief under the Convention against Torture ("CAT") and that the adverse credibility determination was not supported by substantial evidence.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ The BIA's adverse credibility determination was supported by substantial evidence. Permeating Zhung's claim is the clear internal inconsistency between his airport interview and his subsequent asylum application and IJ hearing. Where the "IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution ... a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang*, 386 F.3d at 74. At the interview, Zhung never alluded to the fact that his wife had been forced to have an IUD inserted or to undergo an abortion or that Zhung was opposed to the family planning policies because he and his wife desired to have more than one child, despite the asylum officer's repeated reminders that Zhung could ask a question or add something to his claim. Additionally, as the BIA observed, Zhung seemed responsive to the asylum officer's questions and had the aid of counsel. Zhung's credibility was significantly undermined when he introduced an entirely new factual allegation to his asylum claim. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111–12 (2d Cir.2005).

Zhung contends that he did not initially mention the incidents regarding his wife because either he was not asked, because he may have thought the officer was asking about the future and not the past, or because he thought the officer was asking about him, and not his wife. However, the interview transcript reveals that the asylum officer prompted Zhung to describe what had happened to him with a broad and open-ended question referring to the past: "Have you *or any member* of *your family ever been mistreated* or threatened by the authorities of the country where you may be returned or by anyone else?" Zhung, however, spoke only about the past incident regarding his friend and his hindering of the family planning policies; he never added that his wife had been mistreated by being forced to have an abortion, an event much more troubling. When asked why he had left China, Zhung said he had been fearful of the government seeking revenge on him due to his hindering of the family planning policies. He never mentioned that he, himself, had gone to the extent of violating those policies, a fact that was material to his claim before the IJ.

Any argument that the IJ's questioning of the authenticity of the abortion certificate or the extent of Zhung's potential punishment upon return to China constituted improper support for the adverse credibility determination is waived since Zhung did not raise these issues in his brief to the BIA. To preserve a claim, this Court requires a "[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review." *Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004) (quoting *Cervantes–Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir.2003) (emphasis in original); *see also Drozd v. INS*, 155 F.3d 81, 91 (2d Cir.1998) (argument waived where not raised before IJ or BIA). The passing reference to the IJ having questioned the authenticity of the abortion certificate, resembling an assertion of fact, did not sufficiently "alert" the BIA as to the precise issue being asserted. *See Foster*, 376 F.3d at 78. Accordingly, the BIA properly denied Zhung's asylum claim.

The BIA also properly denied Zhung's withholding of removal claim. A petitioner who fails to establish eligibility for asylum is necessarily unable to establish eligibility for withholding of removal. *See Zhou Yi Ni v. U.S. Dep't of Justice*, 424 F.3d 172, 175 (2d Cir.2005).

To the extent that Zhung has argued for relief under the CAT, that claim is deemed waived since Zhung informed the IJ he had not applied for that claim, and failed to mention that claim in his brief to the BIA. *See Drozd*, 155 F.3d at 91.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).